```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS
```

**ANTHONY L. DAVIS,**

                    **Plaintiff,**

      **v.**                                         **CASE NO. 08-3063-SAC**

**ELIZABETH RICE, et al.,**

                      **Defendants.**


**O R D E R**

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se civil complaint submitted under 28 U.S.C. § 1983. By an order dated March 13, 2008, the court denied plaintiff leave to proceed in forma pauperis, pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g), and granted plaintiff additional time to pay the $350.00 district court filing fee.

In response, plaintiff filed motion invoking Fed.R.Civ.P. 52(c) and titled as a "Motion for Finding by Court, Judgment on Partial Findings." Rule 52(c) authorizes the court to enter judgment against a party on a particular issue in a non-jury trial, and thus is not applicable to the present action in which no trial to the court is being conducted. Instead, the court liberally construes the pro se pleading as seeking a finding by the court that plaintiff has sufficiently demonstrated that he is under a "threat of imminent danger of serious physical injury" for the purpose of being excused from the "3-strike" provision in § 1915(g). See 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Having reviewed the record, the court denies plaintiff's motion.

In his complaint filed in February 2008, plaintiff seeks relief in part on allegations that a correctional officer maliciously and vindictively told other prisoners in July 2007 that plaintiff had informed staff about specific contraband (a tattoo gun) staff found in plaintiff's living pod.  Plaintiff claimed the officer's conduct in labeling plaintiff as a snitch, and the warden's failure to properly train or supervise prison staff, placed plaintiff under an imminent danger of serious physical injury.  (Count 1 in the Complaint, Doc. 1).  Plaintiff now points to these allegations as establishing an exception to the "3-strike" provision in § 1915(g).  The court disagrees.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm.  See Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001); White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)).  In the present case, plaintiff documents administrative responses which indicate that plaintiff was placed in protective custody when he complained about the officer's alleged misconduct, and that plaintiff was then released to the general population after it was established that general population would

2

present no threat to plaintiff's safety.  Because plaintiff identifies no ongoing, real, or proximate threat to his personal safety from being allegedly identified by staff as a prisoner informant some seven months earlier, there is no evidence that plaintiff is or will be subject to serious physical harm if he is not granted leave to proceed without prepayment of the district court filing fee.

The court thus continues to find that plaintiff was under no "imminent danger of serious physical injury" at the time he submitted his complaint, and denies plaintiff's motion for a determination to the contrary.  Because plaintiff has not paid the $350.00 district court filing fee, the complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 5) for "judgment on partial findings" is denied.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2008 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge