IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY L. DAVIS,**

                **Plaintiff,**

    **v.**                                       CASE NO. 08-3063-SAC

**ELIZABETH RICE, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a Kansas prisoner, proceeds pro se civil complaint submitted under 28 U.S.C. § 1983. By an order dated March 13, 2008, the court denied plaintiff leave to proceed in forma pauperis pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g), and granted plaintiff additional time to pay the $350.00 district court filing fee. On June 10, 2008, the court found no reason had been demonstrated to excuse application of the "3-strike" provision of § 1915(g) in this case, and dismissed the complaint without prejudice based upon plaintiff's failure to pay the $350.00 district court filing fee. Plaintiff filed a notice of appeal.

Before the court is plaintiff's motion for leave to proceed in forma pauperis on appeal. Plaintiff essentially argues the "3-strike" provision in § 1915(g) is unconstitutionally broad, and should be limited to sanctioning intentional fraud and abuse of judicial system.

The Tenth Circuit Court of Appeals has held to the contrary, however, stating in <u>Dubuc v. Johnson</u>, 314 F.3d 1205, 1208-09 (10th Cir. 2003):

> "Section 1915(g) on its face allows but one statutory exception to the otherwise comprehensive requirement that prisoners with at least three prior strikes prepay appellate fees. That exception applies only in situations where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Apart from this single statutory exception, § 1915(g)'s "in no event" language must be applied.
>
> Section 1915(g) represents Congress' attempt to balance the needs of overloaded judges to hear cases of individuals who have not abused the judicial process in the past with prisoners who have abused the judicial process on at least three prior occasions through frivolous filings. There is no question that § 1915(g) is constitutional. *See* White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998)(holding that if status is not a fundamental right and that § 1915(g) is rationally related to the legitimate end of deterring frivolous lawsuits). As we have stated previously, "The right of access to the courts is neither absolute nor unconditional." Schlicher v. Thomas, 111 F.3d 777, 781 (10th Cir. 1997)(quotation omitted). Section 1915(g) simply removes the government's temporary subsidy for prisoner appeals in cases where the prisoner has filed at least three prior frivolous petitions. A prisoner may continue to file actions, even frivolous ones, but must prepay all applicable filing fees.

Because plaintiff does not demonstrate that he is under an "imminent danger of serious physical injury," the "3-strike" provision in § 1915(g) applies to bar plaintiff from proceeding in forma pauperis on appeal.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 8) for leave to proceed in forma pauperis on appeal is denied pursuant to

2

28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  This 24th day of June 2008 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge